

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY BROWN, AS NATURAL MOTHER AND**
**NEXT FRIEND OF JOSHUA BROWN, A MINOR**                     **PLAINTIFF**

VS.                             CIVIL ACTION NO. *3:24cv556-TSL-MTP*

**JACKSON STATE UNIVERSITY;**
**JACKSON STATE UNIVERSITY CAMPUS POLICE**
**DEPARTMENT; DR. ELAYNE HAYES ANTHONY,**
**in Her Individual Capacity and Official Capacity;**
**HERMAN HORTON, in His Individual**
**Capacity and Official Capacity;**
**TERRANCE JACKSON, in His Individual and Official Capacity;**
**TYREE JONES, in His Individual and Official Capacity;**
**ALPHA PHI ALPHA FRATERNITY, DELTA PHI CHAPTER;**
**HINDS COUNTY, MISSISSIPPI;**
**AND AS-YET UNKNOWN PERSON(S) JOHN DOES 1-10**            **DEFENDANTS**

## COMPLAINT
*Jury Trial Requested*

**COMES NOW, SHIRLEY BROWN, AS NATURAL MOTHER AND NEXT FRIEND OF JOSHUA BROWN , A MINOR**, and files this COMPLAINT against the Defendants JACKSON STATE UNIVERSITY (hereinafter "JSU"); JACKSON STATE UNIVERSITY CAMPUS POLICE DEPARTMENT (hereinafter "JSU Campus Police"); DR. ELAYNE HAYES ANTHONY (hereinafter "Dr. Anthony'), in her individual and official capacity; HERMAN HORTON (hereinafter "Chief Horton"), in his individual and official capacity; TERRANCE JACKSON (hereinafter "Detective Jackson"), in his individual and official capacity; TYREE JONES (hereinafter "Jones"), in his individual and official capacity; ALPHA PHI ALPHA FRATERNITY (hereinafter "Alpha"); HINDS COUNTY, MISSISSIPPI (hereinafter Hinds County) AND AS-YET UNKNOWN PERSON(S) JOHN DOES 1-10 and, in support thereof, would show as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1323 because the matters in controversy arise under the Constitution and laws of the United States including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) because the conduct, acts and/or omissions upon which this cause of action is based occurred in Hinds County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division, and this cause involves Federal Questions of law.

## PARTIES

4. Plaintiff is Shirley Brown, as Natural Mother and Next Friend of Joshua Brown, a minor, and is an adult resident citizen of Columbia, Marion County, Mississippi.

5. Defendant Jackson State University ("JSU") is a public university located at 1400 John R. Lynch Street, Jackson, Mississippi 39217, and organized under the laws of the State of Mississippi. Pursuant to Mississippi Rules of Civil Procedure, Rule 4(d)(8), this Defendant may be served by delivering a copy of the Summons and Complaint to the Lynn Fitch, Attorney General for the State of Mississippi, Walter Sillers Building, 550 High Street, Jackson, Mississippi 39201, Dr. Marcus L. Thompson, JSU President, 1400 J. R. Lynch Street, Administration Tower, Jackson, Mississippi 39217, and Bruce Martin, President, Board of Trustees of State Institutions of Higher Learning, 3825 Ridgewood Road, Jackson, Mississippi 39211. Defendant JSU is sued because of the official policy decisions and customs of the JSU Campus Police Chief, Herman Horton, who is the official policymaker for the JSU Campus Police and the official decisions and policy decisions of JSU

Campus Police AND because of the official policy decisions and customs of JSU, and of Dr. Elayne Hayes Anthony, who was the official policymaker, during the time of these alleged acts.

6. Defendant Jackson State University Campus Police Department ("JSU Campus Police") is a department of JSU, responsible for law enforcement on JSU's campus. Pursuant to Mississippi Rules of Civil Procedure, Rule 4(d)(8), this Defendant may be served by delivering a copy of the Summons and Complaint to the Lynn Fitch, Attorney General for the State of Mississippi, Walter Sillers Building, 550 High Street, Jackson, Mississippi 39201, Dr. Marcus L. Thompson, JSU President, 1400 J. R. Lynch Street, Administration Tower, Jackson, Mississippi 39217, Eric B. Stanton, JSU Department of Public Safety, 1400 J.R. Lynch Street, Jackson, Mississippi 39217, Sean Tindell, Commissioner of Public Safety of Mississippi, 1900 E. Woodrow Wilson Avenue, Jackson, Mississippi 39216, and Bruce Martin, President, Board of Trustees of State Institutions of Higher Learning, 3825 Ridgewood Road, Jackson, Mississippi 39211. JSU Campus Police is sued because of the official policy decisions and customs of the JSU Campus Police Chief, Herman Horton, who is the official policymaker for the JSU Campus Police.

7. Defendant Dr. Elayne Hayes Anthony is an adult resident citizen of Madison County, Mississippi and was the Acting Interim President of JSU at all times relevant to the facts and occurrences alleged in this Complaint. She may be served with process at Jackson State University E-Center, at 1230 Raymond Road, Jackson, Mississippi 39204, or 101 Normandy Circle, Madison, Mississippi 39046, or wherever she may be found. Dr. Anthony is being sued in her individual and official capacity as interim president.

8. Defendant Herman Horton is an adult resident citizen of Madison County, Mississippi and was the acting Chief of JSU Campus Police at all times relevant to the facts and occurrences alleged in this Complaint. He may be served with process at 107 Bridge Park Drive, Canton,

Mississippi 39046 or wherever he may be found. Herman Horton is being sued in his individual capacity or wherever he may be found.

9.     Defendant Terrance Jackson is an adult resident citizen of Hinds County, Mississippi and was an acting Detective with JSU Campus Police at all times relevant to the facts and allegations made in this Complaint. He may be served with process at his current employer, Jackson Police Department, Robbery- Homicide Division, 327 E. Pascagoula Street, Jackson, Mississippi 39205 or wherever he may be found.

10.    Defendant Hinds County, Mississippi is a political subdivision of the State of Mississippi. Defendant County may be served with process through Hinds County Chancery Court Clerk, Eddie Jean Carr, who also serves as the Clerk of Hinds County Board of Supervisors, located at the Hinds County Chancery Courthouse, 316 South President Street, Jackson, Mississippi 39201. Defendant County controls the Hinds County Detention Center in Raymond, Mississippi. The inhumane conditions in the jail, to be described herein, are the proximate result of official policy decisions of the Sheriff of Hinds County, Mississippi and of its Board of Supervisions.

11.    Defendant, Tyree Jones, is the duly elected Sheriff of Hinds County, Mississippi. Sheriff Jones is the policy maker of the Hinds County Sheriff Department, which also includes the HCDC. Sheriff Jones knew prior to this incident that the HCDC was understaffed with untrained officers and of inhumane and unsafe conditions of the jail. Sheriff Jones was sworn into office on December 3, 2021, and attended numerous court hearings regarding the consent decree with the United States of America which was entered into on June 23, 2016. See *U.S. v. Hinds County*, et, al. 3:16-cv-489, that was in effect prior to him being elected. Since the consent decree was in effect, independent expert jail consultants have continued to note the jail was not adequately staffed, the jailers were not trained, and that inmates were not being protected from harm, and inhumane

conditions. Sheriff Jones' inactions created a policy at the HCDC of understaffing the jail with untrained officers and failing to protect inmates, like Joshua, from inhumane conditions. In an evidentiary hearing against Hinds County from February 14, 2022 to March 1, 2022, before Judge Carlton Reeves in U.S. District Court, where the Judge found the county in contempt for a second time on March 23, 2022, after the same conclusion the previous month, both time outlining various violations, Hinds County Sheriff Tyree Jones testified he didn't want the Raymond Detention Center to be put into federal receivership. He stated, "I want the opportunity for my administration to make a difference to address the jail situation. It's the sheriff's duty to oversee the jail as well as jail operations. I want to be responsible for getting us out of the current situation we're in." In his ruling on the evidentiary hearing, Judge Reeves questioned the county's testimony that it had failed to implement the decree, in part, due to significant changes in leadership. Sheriff Jones argued that he had only been in office a couple of months prior to the hearing. However, Judge Reeves stated Sheriff Jones was familiar with the jail as a member of the former Sheriff Lee Vance's command staff and that the Board of Supervisors President, Credell Calhoun, along with his wife, had served the county longer than the RDC has been in place. See Honorable District Carlton Reeves Order, *Case 3:16-cv-00489-CWR-RHWR*, attached as Exhibit "A" filed on July 29, 2022. As a result of the inhumane conditions, Joshua Brown experienced and witnessed acts that have caused him irreparable harm. Accordingly, Sheriff Jones is being sued in his official and individual capacity. Defendant, Tyree Jones may be served with process through Hinds County Chancery Court Clerk, Eddie Jean Carr, who also serves as the Clerk of Hinds County Board of Supervisors, located at the Hinds County Chancery Courthouse, 316 South President Street, Jackson, Mississippi 39201. Additionally, Sheriff Jones may be served with process at his place of

employment, Hinds County Sheriff Department, 407 East Pascagoula Street, Jackson, Mississippi 39205, place of residence, or wherever he may be found.

12. Defendant Alpha Phi Alpha Fraternity, Inc. is a fraternal organization registered to do business in the state of Mississippi and has a chapter on the JSU campus (Delta Phi Chapter). This Defendant may be served with process by serving their agent for service of process Brian Carter located at 134 West McDowell Road, Jackson, Mississippi 39204, or wherever he may be found.

## **FACTS**

13. On or about October 15, 2023, Jaylon Burns was shot and killed on the campus of JSU. The investigation of this homicide was conducted by JSU Campus Police, including the Chief of Police, Herman Horton, Detective Terrance Jackson, and other unknown officers or detectives of the JSU Campus Police. On or about October 16, 2023, Detective Jackson signed a sworn affidavit in order to obtain an arrest warrant for Joshua Brown for the murder of Jaylon Burns. On information and belief, an arrest warrant for Joshua resulted from statements given by members of Alpha, who were involved in the incident which led to the death of Jaylon Burns, along with other alleged facts gathered during the "investigation" led by Chief Horton and/or Detective Jackson and unknown officers or detectives of JSU Campus Police. These allegations regarding Joshua Brown were false and these defendants negligently, grossly negligently and/or recklessly withheld truthful information from the Judge issuing the arrest warrant and/or the arrest was a result of a grossly negligent or reckless investigation by JSU Campus Police, led by Chief Horton and/or Detective Jackson and other unknown officers or detectives of JSU Campus Police.

14. Hinds County Detention Center, where Joshua Brown was housed, is a facility operated by Defendant Hinds County. The conditions at the Raymond Detention Center were inhumane and had fallen below Eighth Amendment and Fourteenth Amendment constitutional standards, see

*United States v. Hinds County*, 2022 Wl 1112223 (S.D. Miss. 2022) and as described throughout the pleadings in the case styled *United States v Hinds County*, et al., United States District Court, Southern District of Mississippi, Civil Action No.: 3:16vc489.

15. Joshua Brown appeared at an initial appearance on October 20, 2023, to the formal charges of capital murder and possessing a firearm on a college campus. Bond was denied to Joshua, based on representation by Detective Jackson at this initial appearance.

16. On or about October 19, 2023 (right date), JSU and/or JSU campus police, began to make statements to the media about the wrongful accusations, wrongful arrest, wrongful detainment and imprisonment of Joshua Brown. Photographs of Joshua Brown were disseminated by the Associated Press, among others, which showed Joshua in a red jumpsuit, the likes of which indicates an inmate charged with capital murder or similar heinous and violent offenders.

17. As time passed, it became evident that the accusation of Joshua Brown was a rush to charge someone for a for a highly publicized murder on a Mississippi College Campus in a conspiracy of actions involving grossly negligent lies and deceit by JSU, JSU Campus Police, Alpha, Dr. Anthony, Chief Horton and Detective Jackson. This rush to "solve the crime", combined with a reckless and grossly negligent investigation by JSU Campus Police, Acting Interim JSU President Dr. Anthony, Chief Horton, Detective Jackson and unknown other individuals, of all of the facts, known and obvious from beginning, caused irreparable damage to Joshua Brown.

18. On or about October 24, 2023, Joshua's family provided video evidence to JSU, which clearly showed that he was in Jones County, Mississippi, approximately 90 miles from JSU on the date of the murder of Jaylen Burns.

19. On or about November 10, 2023, when Joshua Brown was scheduled to have a preliminary hearing, the court was notified by Detective Jackson that the charges "were being"

dismissed. On that date, no preliminary hearing was held, signifying that there was no probable cause for the arrest of Joshua Brown and Joshua was released.

20. Between October 18, 2023, and November 10, 2023, multiple calls were made to release Joshua Brown from custody. An Order of Dismissal was finally filed in the County Court of Hinds County, Mississippi, formally dismissing the charges. See Attached Order (Ex. A).

21. As a result of Defendants' unlawful actions, Joshua Brown was falsely imprisoned in inhumane conditions, subjected to baseless criminal prosecution, and suffered mental anguish and suffering, severe reputational, emotional and financial damages.

## CLAIMS FOR RELIEF
## COUNT I
### Violation of Fourth and Fourteenth Amendment Rights
### 42 U.S.C. § 1983
### (Against Defendants Horton and Jackson)

22. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

23. Defendants Horton and Jackson, acting under color of state law, violated Joshua Brown's clearly established rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizure and not to be deprived of liberty without due process of law.

24. Defendants lacked probable cause to arrest Joshua Brown for murder; thereby Defendants caused a malicious prosecution, by acting with reckless disregard to the rights of Joshua Brown, and caused him to be falsely arrested and falsely imprisoned in the Hinds County Detention Center in Raymond, MS. , thereby violating Mississippi state law, all of which violated the Fourth Amendment, the Eighth Amendment and Fourteenth Amendment.

25. Defendants' actions were objectively unreasonable in light of the facts and circumstances.

26. As a direct and proximate result of Defendants' unconstitutional conduct, Joshua Brown suffered substantial damages.

## COUNT II
### Violation of Fourth, Eighth and Fourteenth Amendment Right
### 42 USC §1983
### (Against Defendants JSU, JSU Campus Police)

27.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

28.     Defendants JSU and, its Department JSU Campus Police, are liable to Joshua Brown for violations of the Fourth, Eighth and Fourteenth amendments which were caused by official policies or customs made by all Defendants, in being indifferent to citizens be arrested without probable cause and failing to train its officers on the necessity of probable cause, thereby, causing the Defendant to be imprisoned in a facility, controlled by Hinds County, which has been previously determined to violate the constitutional rights of inmates. All Defendants again recklessly disregarded the constitutional rights of Joshua Brown. These Defendants, making policy decisions to give no training on the meaning of probable cause, or how probable cause might be established, and of failing to instruct its officers that underlying facts sworn to establish the facts supporting an arrest warrant, must be further investigated and found to be true, by corroboration of same. Alternatively, Defendants JSU, and/or JSU Campus Police are liable because they delegated to Defendant Jackson, the full authority to make arrests without supervision. Defendants were all aware that this false arrest and malicious prosecution (both a violation of Joshua Brown's Fourth and Fourteenth Amendment rights) would result in imprisonment in Hinds County Detention Center in Raymond, Mississippi, which would violate Joshua Brown's Eighth and Fourteenth Amendment Rights.

## COUNT III
### State Law Claim for Defamation
### (Against all Defendants except Hinds County and Tyree Jones)

29.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

30.   Defendants, with the exception of Hinds County, made false and defamatory statements about Joshua Brown to third parties by publicly accusing him of murder.

31.   Defendants made these statements with knowledge of or reckless disregard for their falsity.

32.   The false statements constitute defamation per se under Mississippi law, as they accuse Joshua Brown of criminal activity.

33.   As a direct and proximate result of Defendants' defamation, Joshua Brown suffered substantial damages, including mental anguish and suffering, harm to his reputation and standing in the community.

## COUNT IV
### Violation of Eighth and Fourteenth Amendments
### (As to JSU, JSU Campus Police and Hinds County)

34.   Plaintiff incorporates by reference the allegations in all preceding paragraphs.

35.   Defendants JSU, JSU Campus Police and Hinds County are jointly liable for violation of the Eighth and Fourteenth Amendments of the United States Constitution with respect to jail conditions because their official policy decision to arrest caused pretrial confinement, resulted in Joshua Brown's being confined in inhumane conditions. Joshua Brown was held in conditions which violated the standards of the Fourteenth amendment substantive due process and the Eighth Amendment prohibition of cruel and unusual punishment. The conditions were not necessary to assure Joshua Brown's presence at trial. These conditions have been held unconstitutional by this Court in United States v. Hinds County, 2022 WL 1112223 (S.D. Miss. 2022) and Defendant is collaterally estopped to deny that Joshua Brown was held in conditions which violate the Eighth and Fourteenth Amendments. This Court's opinion and consent orders in Civil Action No. 3: 16cv489, reported at United States v. Hinds County., 2022 WL 1112223 (S.D. Miss. 2022) are hereby incorporated into this Complaint by reference.

## COUNT V
### Civil Conspiracy of Violation of Fourth, Eighth and Fourteenth Amendment Right
### 42 USC §1983
### (Against All Defendants)

36. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

37. Defendants reached an agreement and conspired among themselves to violate Joshua Brown's Fourth, Eighth and Fourteenth Amendment rights.

38. Defendants JSU and, its Department JSU Campus Police, as well as Defendants Dr. Anthony, Chief Horton, Detective Jackson, Alpha and Hinds County are liable to Joshua Brown for conspiracy to commit violations of the Fourth, Eighth and Fourteenth amendments which were caused by official policies or customs made by JSU and/or JSU Campus Police. Defendants, in being indifferent to citizens being arrested without probable cause and failing to train its officers on the necessity of probable cause, thereby, causing the Defendant to be imprisoned in a facility, controlled by Hinds County, which has been previously determined to violate the constitutional rights of inmates. All Defendants conspired to recklessly disregarding the constitutional rights of Joshua Brown. Defendants JSU and/or JSU Campus Police, made policy decisions to give no training on the meaning of probable cause, or how probable cause might be established, and of failing to instruct its officers that underlying facts sworn to establish the facts supporting an arrest warrant, must be further investigated and found to be true, by corroboration of same. Defendants JSU and/or JSU Campus Police delegated to Defendant Jackson, the full authority to make arrests without supervision. Defendants were all aware, during their conspiracy and agreement therein, that their actions would result in false arrest and malicious prosecution (both a violation of Joshua Brown's Fourth and Fourteenth Amendment rights) in imprisonment in Hinds County Detention Center in Raymond, Mississippi, which would violate Joshua Brown's Eighth and Fourteenth Amendment Rights.

## COUNT VI
### State Law Claim for Conspiracy to Defame
### (Against Defendants JSU, JSU Campus Police and Alpha)

39. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

40. These Defendants agreed to and conspired to defame Joshua Brown

41. Defendants made false and defamatory statements about Joshua Brown to third parties by publicly accusing him of murder.

42. Defendants made these statements with knowledge of or reckless disregard for their falsity.

43. The false statements constitute defamation per se under Mississippi law, as they accuse Joshua Brown of criminal activity.

44. As a direct and proximate result of Defendants' defamation, Joshua Brown suffered substantial damages, including mental anguish and suffering, harm to his reputation and standing in the community.

## DAMAGES

45. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

46. Joshua Brown has suffered mental anguish, anxiety, suffering and stress, and permanent loss to his reputation as a result of his arrest and imprisonment for murder all of which has resulted in past, present and future financial damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shirley Brown, as Natural Mother and Next Friend of Joshua Brown, a Minor, respectfully requests that the Court enter judgment in favor of Joshua Brown and against Defendants, and award the following relief:

a) Compensatory damages in an amount to be determined at trial to include past, present and future medical bills and loss of past, present and future wages and wage-earning capacity.

b) Punitive damages against the individual Defendants in an amount to be determined at trial;

c) Reasonable attorneys' fees and costs and expenses under 42 U.S.C. § 1988;

d) Pre-judgment and post-judgment interest; and

e) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, this the 17th day of September, 2024.

                    **SHIRLEY BROWN, as NATURAL MOTHER, and NEXT FRIEND of JOSHUA BROWN, a MINOR**

BY: _____
                    **AAFRAM Y. SELLERS**
                  *Attorney for Plaintiffs*

**OF COUNSEL:**

**AAFRAM Y. SELLERS, MSB# 100261**
**SELLERS & ASSOCIATES, PLLC**
395 Edgewood Terrace Drive
Jackson, Mississippi 39206
Telephone: (601)352-0102
Facsimile: (601)956-6719
aafram@sellerslawfirm.net

**VICKI L. GILLIAM, MSB# 9493**
**THE GILLIAM FIRM, PLLC**
368 Highland Colony Parkway, #181
Ridgeland, Mississippi 39157