IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

SHIRLEY BROWN, AS NATURAL MOTHER AND
NEXT OF FRIEND OF JOSHUA BROWN, A MINOR                 PLAINTIFF

VS.                               CIVIL ACTION NO. 3:24-cv-00556-TSL-MTP

THE CITY OF JACKSON, MISSISSIPPI; *et al.*                  DEFENDANTS

### SHERIFF TYREE JONES' MOTION FOR JUDGMENT
### ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Sheriff Tyree Jones ("Sheriff Jones" or "Movant"), by and through counsel and pursuant to Federal Rules of Civil Procedure 8 & 12(c), submits his Motion for Judgment on the Pleadings based on Qualified Immunity.

In support of the same, Movant—as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi—is simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant Movant's Motion and dismiss Plaintiff's claims against Sheriff Jones in his individual capacity.

1. The primary question presented herein is whether Plaintiff states a viable 42 U.S.C. § 1983 claim against Sheriff Jones in his individual capacity.

2. Ancillary to the primary question, though no less important, is whether Plaintiff can overcome Sheriff Jones' qualified immunity, *i.e.*, whether Plaintiff can demonstrate Sheriff Jones' actions were objectively unreasonable under clearly established law at the time of the conduct in question.

3. As demonstrated below, and further explained within Movant's supporting

memorandum of authorities, the Court cannot hold Sheriff Jones individually liable to Plaintiff.

4. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as Plaintiff fails to state a federal claim against Sheriff Jones upon which relief can be granted.

5. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as they are part of an impermissible shotgun pleading that fails federal pleading standards.

6. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as Plaintiff fails to allege, in any way whatsoever, that Sheriff Jones—by or through his own individual actions—personally violated Plaintiff's constitutional rights.

7. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as they are conclusory, speculative, and devoid of well-pled factual matter sufficient to raise a right to relief against Sheriff Jones in his individual capacity beyond the speculative level.

8. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as Plaintiff fails to plead, either directly or inferentially, that Sheriff Jones' actions were objectively unreasonable in light of clearly established law, *i.e.*, Plaintiff cannot overcome Sheriff Jones' qualified immunity.

9. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as he retains qualified immunity.

10. The Court must dismiss Plaintiff's Eighth and Fourteenth Amendment claims against Sheriff Jones as they are *Monell*[1] claims, and Plaintiff cannot assert the same

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

against Sheriff Jones in his individual capacity.

11. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as Plaintiff fails to allege facts which sufficiently plead and/or demonstrate Sheriff Jones was, in any way, deliberately indifferent.

12. The Court must deny Plaintiff's argument that Sheriff Jones is collaterally estopped to deny that Joshua Brown was held in conditions at the Raymond Detention Center ("RDC") which violate the Eighth and Fourteenth Amendments because Plaintiff fails to sustain the four (4) elements necessary to show she is entitled to rely on collateral estoppel.

13. The Court must disregard Plaintiff's reliance on *United States v. Hinds Cnty.*, No. 3:16-cv-489-CWR-BWR, and the Consent Decree [8-1] issued in that case as grounds for holding Sheriff Jones liable in this case.

14. The Court must dismiss Plaintiff's "Ratification" claim against Sheriff Jones in his individual capacity as it is a municipal liability claim and, thus, inapplicable to Sheriff Jones in his individual capacity.

15. The Court must dismiss Plaintiff's failure to train/supervise claim(s) against Sheriff Jones as Plaintiff fails to provide sufficient facts that would support the three (3) requisite elements of such a claim, *i.e.*, Plaintiff fails to plead each element required to set forth *prima facie* claims for these theories of recovery.

16. The Court must dismiss Plaintiff's state-created danger claim against Sheriff Jones as the theory is not clearly established in the Fifth Circuit, *i.e.*, Sheriff Jones retains qualified immunity for the claim.

17. The Court must dismiss Plaintiff's claim(s) against Sheriff Jones as they are conclusory, speculative, devoid of well-pled facts sufficient to set forth *prima facie* claims, fail to satisfy federal pleading standards, and cannot overcome Sheriff Jones' qualified immunity.

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Hinds County Sheriff Tyree Jones' supporting Memorandum of Authorities, Movant respectfully requests the Court dismiss Plaintiff's individual capacity claims against him, with prejudice, based on Plaintiff's failure to state a viable federal claim against Sheriff Jones, and Plaintiff's inability to overcome Sheriff Jones' qualified immunity.

**DATE:** April 10, 2025.

Respectfully submitted,

**SHERIFF TYREE JONES, in His Individual Capacity**

BY: /s/ *Lance W. Martin*
      One of the Sheriff's Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
will.allen@butlersnow.com
lance.martin@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow LLP, one of the attorneys for Sheriff Tyree Jones, in His Individual Capacity, hereby certify that on this day, I electronically filed the foregoing Motion for Judgment on the Pleadings based on Qualified Immunity with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including, but not limited to:

>Aafram Y. Sellers
>SELLERS & ASSOCIATES, PLLC - Jackson
>395 Edgewood Terrace Drive
>Jackson, MS 39206
>601/352-0102
>Fax: 601/352-0106
>aafram@sellerslawfirm.net
>
>Vicki L. Gilliam
>THE GILLIAM FIRM
>368 Highland Colony Parkway
>Ridgeland, MS 39157
>601-488-4044
>gilliam@gilliamfirm.com
>
>William G. Shields
>SHIELDS REEVES, PLLC
>P.O. Box 1648
>Ridgeland, MS 39158-1648
>601-427-9196
>Fax: 601-369-9828
>garrig@shieldsreeves.com
>    *Attorneys for Plaintiff*

The 10th day of April 2025.

>/s/ *Lance W. Martin*
>OF COUNSEL

93200310.v1