IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHIRLEY BROWN, AS NATURAL MOTHER AND
NEXT FRIEND OF JOSHUA BROWN, A MINOR					PLAINTIFF

V.					CIVIL ACTION NO. 3:24-cv-00556-TSL-MTP

THE CITY OF JACKSON, MISSISSIPPI;
CHIEF JOSEPH WADE, in His Individual Capacity as
Chief of Police of City of Jackson, Mississippi;
HINDS COUNTY, MISSISSIPPI;
SHERIFF TYREE JONES, in His Individual Capacity
as Sheriff of Hinds County, Mississippi;
DR. ELAYNE HAYES ANTHONY, in Her
Individual capacity as President of Jackson State University;
HERMAN HORTON, in His Individual Capacity as
Chief of Police of Jackson State University;
TERRANCE JACKSON, in His Individual Capacity as
Detective and Officer of Jackson State University;
ALPHA PHI ALPHA FRATERNITY, DELTA PHI CHAPTER;
AND AS-YET UNKNOWN PERSON(S) OR ENTITIES
JOHN & JANE DOES 1-100					DEFENDANTS

---

**PLAINTIFF SHIRLEY BROWN'S MEMORANDUM BRIEF AND RESPONSE TO DEFENDANT SHERIFF TYREE JONES' MOTION FOR JUDGEMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

---

Plaintiff Shirley Brown, as natural mother and next Friend of Joshua Brown, a minor, by and through counsel, responds to Defendant Sheriff Tyree Jones' Motion for Judgment on the Pleadings Based on Qualified Immunity as follows:

**BACKGROUND AND FACTS**

Defendant Sheriff Tyree Jones has long been aware of the dangerous, violent, and poor conditions at the Hinds County Detention Center "HCDC". As stated in Plaintiff's First Amended

Complaint the constitutional deprivations and inadequate conditions of confinement at HCDC have been well documented and publicized for decades.

These conditions at HCDC are the admitted responsibility of Defendant Sheriff Tyree Jones. [Dkt, #15 at par.8] As stated therein, Defendant, Tyree Jones, is the duly elected Sheriff of Hinds County, Mississippi. Sheriff Jones is the policy maker of the Hinds County Sheriff Department, which also includes the HCDC. Sheriff Jones knew prior to this incident that the HCDC was understaffed with untrained officers and of inhumane and unsafe conditions of the jail. Sheriff Jones was sworn into office on December 3, 2021, and attended numerous court hearings regarding the consent decree with the United States of America which was entered into on June 23, 2016. See *US. v. Hinds County*, et, al. 3:16-cv- 489, that was in effect prior to him being elected. Since the consent decree was in effect, independent expert jail consultants have continued to note the jail was not adequately staffed, the jailers were not trained, and that inmates were not being protected from harm, and inhumane conditions. Sheriff Jones' inactions created a policy at the HCDC of understaffing the jail with untrained officers and failing to protect inmates, like Joshua, from inhumane conditions. In an evidentiary hearing against Hinds County from February 14, 2022 to March 1, 2022, before Judge Carlton Reeves in U.S. District Court, where the Judge found Hinds County in contempt for a second time on March 23, 2022, after the same conclusion the previous month, both time outlining various violations, Hinds County Sheriff Tyree Jones testified he didn't want the Raymond Detention Center to be put into federal receivership. He stated, "I want the opportunity for my administration to make a difference to address the jail situation. It's the sheriff's duty to oversee the jail as well as jail operations. I want to be responsible for getting us out of the current situation we're in." In his ruling on the evidentiary hearing, Judge Reeves questioned the county's testimony that it had failed to implement the decree, in part, due

to significant changes in leadership. Defendant Sheriff Tyree Jones argued that he had only been in office a couple of months prior to the hearing. However, Judge Reeves stated Sheriff Jones was familiar with the jail as a member of the former Sheriff Lee Vance's command staff and that the Board of Supervisors President, Credell Calhoun, along with his wife, had served the county longer than HCDC has been in place. See Honorable District Carlton Reeves Order, Case 3: 16-cv-00489-CWR-RHWR, attached as Exhibit "D" filed on July 29, 2022. As a result of the inhumane conditions, Joshua Brown experienced and witnessed acts that have caused him irreparable harm. The First Amended Complaint and attached exhibits thereto detail the acts and/or omissions of Defendant Sheriff Tyree Jones which are of such a nature that no reasonable official could reasonably believe same to be constitutional.

## ARGUMENT

A. <u>Standard</u>

The issue before the Court on the current motion—only has to be overcome by a plaintiff's <u>complaint</u>—the petitioner simply needing to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As such, the allegations in the First Amended Complaint [Dkt. #15] are accepted "as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon,* 922 F.3d 590, 599(5th Cir. 2019). The test under Rule 12(b)(6) is whether Plaintiffs' claim is "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). <u>Plausibility</u> (rather than *probability)* is the standard by which a complaint is to be evaluated. Indeed, even if the court believes that recovery is remote and unlikely, *the complaint is sufficient* to withstand a motion to dismiss *if*

*relief is plausible*. *Twombly*, 550 U.S. 544, 556. In other words, can the Court form a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "This standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

The U.S. Supreme Court declared the standard applicable to federal pleadings in *Johnson v. City of Shelby, Mississipp*i (2014) overturning the 5th Circuit's prior "heightened" interpretation of the requirements, ruling:

> Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2) ; **they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted**… **Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement**"; 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215…Rule 8(a)(2) "indicates that **a basic objective of the rules is to avoid civil cases turning on technicalities**". In particular, **no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim**. See *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, S.Ct (1993) (a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability")…
>
> Our decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), […] concern the factual allegations a complaint must contain to survive a motion to dismiss. A plaintiff…must plead **facts sufficient to show that her claim has substantive plausibility**...Petitioners **stated simply, concisely, and directly** events that, they alleged, entitled them to damages from the city…<u>**they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim**</u>. See Fed. Rules Civ. Proc. 8(a)(2) and…("<u>The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.</u>"…

*Johnson, et al. v. City of Shelby, Mississipp*i 190 L.Ed.2d 309, 135 S.Ct. 346, 574 U.S. 10 (2014)

Furthermore, this Court has recently reiterated the U.S. Supreme Court's holding

4

that "Section 1983 claims implicating qualified immunity are subject to the same Rule 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims; <u>an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard</u>." *Jenkins v. Rankin Cnty.*, Civil Action 3:23-CV-374-DPJ-ASH (S.D. Miss. July 24, 2024) (citing *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)) (emphasis added). "Plaintiffs have the burden to allege sufficient facts but not to correctly state their legal theories in their complaint." *Id.,* at 5-6. (citing *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (per curium)).

B. <u>Defendant Sheriff Tyree Jone's Motion</u>

Defendant Sheriff Tyree Jones asserts that Plaintiff's First Amended Complaint is a "shotgun pleading" but disregards not only the well pleaded facts and allegations therein, but also the particularly relevant Exhibit D [Dkt. #15-4] attached thereto. Said Exhibit details acts or omissions of "persons under color of state law", including specifically Defendant Sheriff Tyree Jones. charged with duties and policy making authority, so pervasive and widespread in pattern and practice for numerous years, that HCDC's conditions of confinement were judicially declared unconstitutional, and deprived the rights and liberties of all housed at HCDC. As such, Defendant Sheriff Tyree Jones' "shotgun pleading" argument is without merit, especially in light of his position, which as Sheriff also charges him with the duties and authority ("policy maker") necessary to ensure the proper and adequate operation of Hinds County Detention Center in addition to his duties as to all county law enforcement. Moreover, Plaintiff specifically delineates each defendant under each separate and pertinent Count/Claims for Relief.

The factual allegations of the First Amended Complaint are sufficiently plead over the course of seven (7) pages, twelve (12) paragraphs of which directly address the actions and/or inactions of Defendant Sheriff Tyree Jones's, as policy maker for HCDC, that deprived Plaintiff of his constitutional rights causing him injury and damage. As demonstrated in the DOJ Reports and other expert findings and DOJ pleadings contained in Exhibit D to Plaintiff's First Amended Complaint, Defendant Sheriff Tyree Jones operated a jail in such a manner as to cause the pervasive deprivation of inmates' constitutional rights in every respect and at every level.

Plaintiff, who at all times relevant and as alleged was a minor and pretrial detainee, forced to endure these pervasive unconstitutional conditions in this jail and further the action and inaction of its officials, as well as the jailers and jail staff acting in accordance with jail policies, customs and practices, under color of law, exhibiting callous and deliberate indifference, in depriving him of his rights guaranteed under the Constitution and laws of the United States.

C. §1983 Claims and Qualified Immunity Assertion

Plaintiff's complaint alleges that Defendant Tyree Jones acts and or omissions violated his constitutional rights and is thus liable under 42 U.S.C. § 1983, a statute providing relief against any "person" who, "under color of" state law, deprives another of his or her "rights . . . secured by the Constitution and laws."The purpose § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights . . . ." *Wyatt v. Cole*, 504 U.S. 158, 161 (2002). When a defendant raises qualified immunity, courts "apply a two-part test: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the violation." *Palmer v. Jefferson*, Civil Action 3:22-CV-508-DPJ-FKB (S.D. Miss. Oct 18, 2023).(citing *Wallace v. Taylor*, No. 22-20342, 2023 WL 2964418, at *3 (5th Cir. Apr. 14, 2023) (citing *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir.

2016)).

As alleged in Plaintiff's First Amended Complaint, unconstitutional conditions knowingly remain present without any reasonable attempt at being remedied—rendering nearly every aspect of confinement constitutionally inadequate. At all times, it remains to be to such a degree that any length of confinement at HCDC immediately initiates another knowingly and deliberately indifferent deprivation of constitutional rights from the moment of confinement, and remain ever present and immediate for the duration.

### D. Count IV- 8th and 14th Amendment Claims

Count IV of Plaintiff's First Amended Complaint assert claims of 8th and 14th Amendment against Defendant Sheriff Tyree Jones who is directly in charge of the jail. [Dkt#15 at 21] Plaintiff's Count IV was alleged directly as to Defendant Jones[1]. Plaintiff alleged that Defendant Jones, as the elected an appointed official, established policies and customs that caused the deprivation of Plaintiff's rights, Defendant Jones was deliberately indifferent to Plaintiff's safety as well as other inmates at HCDC. Said policies, failed to protect Plaintiff and created unconstitutional conditions of confinement. Plaintiff alleged specifics factual allegations as stated above further attached and discussed the DOJ pleadings, Consent Decrees and findings/reports which declared HCDC violated Eighth and Fourteenth Amendment rights. Plaintiff further listed and alleged unwritten customs, policies, and procedures detailing specific aspects of confinement found in bulleted list "a. - n." therein. Plaintiff has alleged Defendant Jones, as policy maker was deliberately indifferent to substantial risk of harm because of Defendant Jones' policies which violated Plaintiff's right to be free from cruel and unusual punishment. The policies and customs as alleged by Plaintiff are included throughout the attached and cited DOJ pleadings.

---

[1] The only other Defendant under Count IV was Hinds County, Mississippi,

The right of due process guaranteed to the Plaintiff by the Fourteenth Amendment prohibits punishment for a crime for which the Plaintiff had not yet been convicted. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment.") (citing *Bell v. Wolfish,* 441 U.S. 520, 535 (1979)). As a pre-trial detainee, the Plaintiff had a clearly established constitutional right to be free from punishment, and this right is one which every law enforcement official knows. *Ellis v. Rush*ing, No. 3:11cv749–LRA, 2014 WL 1276501, *2 (S.D. Miss., March 27, 2014) (citing *Bell*, 441 U.S. at 535). The conditions at HCDC were such that Plaintiff's confinement there amounted to punishment in violation of her due process rights.

There is no doubt that Plaintiff's First Amended Complaint alleges that Joshua Brown's arrest and incarceration resulted in Mr. Brown being held at the Raymond Detention Center, which has been determined to be Unconstitutional as stated in Exhibit D [Doc. 15-4] to Plaintiff's Amended Complaint. Plaintiff alleged in the Amended Complaint that Defendant Sheriff Tyree Jones had the duty to oversee the jail as well as jail operations. There is also no doubt that the jail in question has been under a consent decree since 2016- evidencing the Defendant Sheriff's abysmal failure to implement the consent decree resulted in "misconduct directly resulting in the unconstitutional incarceration of Mr. Brown, further subjecting him to knowingly unconstitutional conditions for 27 days. This incarceration, as outlined in Count IV of the Amended Complaint at ¶¶93-95, caused the deprivation of Mr. Brown's constitutional rights through Defendant Sheriff Tyree Jones deliberate indifference to the safety of the Plaintiff and other inmates housed at the Raymond Detention Center. As alleged in the complaint, as a result of the Defendants' consistent failure to adequately staff the HCDC, adequately train and supervise staff, and failure to protect inmates at the HCDC from harm, Defendant created a facility with unconstitutional conditions of

confinement.

These conditions resulted in the deprivation Plaintiff's constitutional rights, liberties, and immunities which were sufficiently stated in Plaintiff's First Amended Complaint.

Specifically as alleged in the complaint (and supported by the evidence attached and stated to the complaint), Joshua Brown pleaded he was deprived of basic humane necessities including but not limited to: inedible moldy food, lack of access to and deprivation of drinking water, deprived of access to sanitary necessities such as a working toilet and showers, deprived of access to a bed and/or blankets, deprived of access to underwear, deprived of access to a clean and/or sanitary clothing. Joshua Brown did not have access to a working toilet and was forced to use another inmate's toilet; he was forced to be exposed to the constant threat of violence due to the fact that the cell door locks were inoperable; and he was forced to barter for access to use the sanitary facilities of another inmate's cell. Basic human necessities include food, clothing, shelter, medical care, reasonable safety, warmth, exercise, personal hygiene and sleep. **Denial of any one** of these exhibits a violation of a constitutional right—moreover, Joshua Brown was a minor at the time of his arrest and a pretrial detainee forced to be incarcerated with convicted criminals due to overcrowding. (See, *Rhodes v. Chatman* 452 U.S. 101 S. Ct. 2392 (1981); *Helling vs. McKinney* 509 U.S. 113 S.Ct. 2475 (1993); *Farmer v. Brenna*n, 511 US. 825, 114 S.Ct. 1970 (1994).

Joshua Brown was forced to be incarcerated with hundreds of convicts while he was a pre-trial detainee. He was subjected to hourly to violence, extortion, and physical, emotional, and mental injury while incarcerated in the overcrowded and unconstitutional conditions of the Raymond Detention Center. Additionally, while incarcerated at the Raymond Detention Center, Joshua Brown was forced to witness a suicide in a nearby cell and has had extensive psychological treatment related to that incident and being subjected to inhumane conditions and baseless criminal

prosecution.

Notwithstanding the Consent Decree, the Eighth Amendment is intended to protect and safeguard a prison inmate from an environment where degeneration is probable and self-improvement unlikely because of the conditions existing which inflict needless suffering, whether physical or mental. *Battle v. Anderson*, 564 F.2d 388, 393 (10th Cir.1977). Personal safety and medical care are core areas in any Eighth Amendment claim. *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir.1980). Additionally, a "prisoner has a right to be reasonably protected from constant threats of violence and sexual assaults from other inmates. The failure to provide an adequate level of security staffing, which may significantly reduce the risk of such violence and assaults, constitutes deliberate indifference to the legitimate safety needs of prisoners." *Id.*

As there have clearly been properly pleaded violations of Mr. Brown's constitutional rights, Plaintiff will now address Defendant Sheriff Tyree Jones' assertion that Mr. Brown's rights were not "clearly established." As stated in Plaintiff's First Amended Complaint, [Doc. 15, ¶ 8], Defendant Sheriff Tyree Jones was the official of the jail at the HCDC and was responsible for getting Hinds County and the Hinds County Detention Center out of the current situation (the Consent Decree, Doc. 15-4), yet the same issues persist at the HCDC facility today as they did in 2023. In fact, the same issues have existed since 2016, as evidenced by this Court's Order in *Palmer v. Jefferson et al*. 3:22-cv-50b-DPJ-ASH, wherein the Court stated (quoting *Woodhous* v. Commonwealth of Virginia, 487 F.2d, 889, 890) that a "prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief."

Furthermore, "the confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such a practice is reasonably related to the institution's interest

10

in maintaining jail security." *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981). Gross deficiencies in staffing establish deliberate indifference to prisoners' health needs. *Ramos v. Lamm*, 639 F.2d at 575. Recently, the Fifth Circuit reversed the dismissal of a **§1983 claim** where the plaintiff alleged a violation of the rule against housing pretrial detainees with convicted prisoners, that "nothing suggests that an exception to that rule applies." J*ones v. Dallas County*, No. 21-10617, 2022WL 3334493 (5th Cir. Aug. 12, 2022). Even more recently, the Fifth Circuit issued an updated Combined Opinion upholding this District Court's continued, ongoing, and current findings and monitoring of constitutional violations at HCDC. And in order to determine whether a "pattern or practice" of constitutional violations exists, a snapshot of a prison in a moment in time would be inadequate; rather, a court must look back some period of time. See *Alberti*, [790 F.2d at 1224](#) (collecting cases).

Each element of each claim was properly plead and alleged in Plaintiff's Amended Complaint. As stated in the Facts of Plaintiff's Amended Complaint, each subsequent action and/or inaction of Defendant Sheriff Tyree Jones furthered the Constitutional violations against Joshua Brown – specifically, his incarceration and detention as a minor detainee in the Raymond Detention Center, subjected to conditions that "had fallen below Eighth and Fourteenth Amendment constitutional standards". Amended Complaint at ¶24. The other named individual Defendants and entities likewise violated the Constitutional rights of Joshua Brown in furtherance of the same claims and causes of actions alleged in the Amended Complaint

E. <u>Failure to Train or Supervise</u>

Plaintiff's Amended Complaint, Count VI also alleges that Defendant Sheriff Tyree Jones failed to train jail employees, detention officers, and others resulting in Mr. Brown being incarcerated for 27 days in a dangerous and unconstitutional environment. A sheriff not personally

11

involved in the acts that deprived the plaintiff of his constitutional rights is liable under section 1983 if: 1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. ." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).

Deliberate indifference in the supervisory context requires either actual or constructive knowledge of violations. *Yara v. Perryton Indep. Sch. Dist.*, 560 Fed.Appx. 356, 360 (5th Cir. 2014) (citing *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011)).

Usually, a failure to supervise gives rise to section 1983 liability only in those situations in which there is a history of widespread abuse. Then knowledge may be imputed to the supervisory official, and he can be found to have caused the later violation by his failure to prevent it. *Bowen v. Watkins,* 669 F.2d 979, 988 (5th Cir. 1982).

Constructive knowledge generally requires "a pattern of similar violations." Burge v. St. Tammany Par., 336 F.3d 363, 370 (5th Cir. 2003) (quoting Thompson, 245 F.3d at 459). But "[c]onstructive knowledge may be inferred from the widespread extent of the practices, general knowledge of their existence, manifest opportunities and official duty of responsible policymakers to be informed, or combinations of these." *Pineda v. City of Houston*, 291 F.3d 325, 330 n.15 (5th Cir. 2002) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987)). "There must be a 'persistent and widespread practice'" such that a responsible supervisor *9 9 arguably could not have overlooked it. Id. at 329 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001)).

Such a pattern "may tend to show that the lack of proper training [or supervision] . . . is the 'moving force' behind the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 408

(1997). That showing requires there "at least be an affirmative link between the . . . inadequacies alleged[] and the particular constitutional violation at issue." *Doe v. Rains Cnty. Indep*. Sch. Dist., 66 F.3d 1402, 1409 (5th Cir. 1995) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)).

Plaintiff has satisfied every element necessary to maintain the failure to train claim as to Defendant Tyree Jones. Plaintiff alleged that Defendant Jones was aware of inadequate conditions by lack of staff and training among numerous others. Further, that Plaintiff was deprived of rights and liberties as a result of the lack of training. Moreover, there is actual evidence that all this took place and documented in the attached exhibits to the complaint, as the DOJ noted through the Court monitoring. Additionally, Defendant Jones does not argue that his acts and omissions is actually allowed by the Constitution, because it would be completely unreasonable to do so. Thus, he resorts to arguing a lack a factual pleadings instead.

Further, as discussed below, the Fifth Circuit has recently discussed the Detention Center's failure to properly staff the jail. Defendant Sheriff Tyree Jones also alleges that the Consent Decree "itself precludes Plaintiff's reliance on the same." However, Plaintiff is not alleging that the Consent Decree creates a cause of action in itself but references the Consent Decree and its ongoing litigation as evidence that "it as at least plausible . . . that Judge Reeves's finding that RDC [Raymond Detention Center] continued to operate in an unconstitutional way. In Addition, when a pretrial detainee shows a series of acts or omissions . . . sufficiently extended or pervasive a jury may reasonably presume that [Defendant Sheriff Tyree Jones] acted with the requisite intent to punish." *Palmer v. Jefferson*, No. 3:22-cv-508-DPJ-FKB, October 18, 2023 (S.D. Miss.) (internal citations omitted).

13

Defendant Sheriff Tyree Jones' motion states that qualified immunity is "[d]esigned to protect all but the plainly incompetent or those who knowingly violate the law." Plaintiff agrees. Plaintiff's properly alleged facts and claims in the Amended Complaint clearly evidences not only plain incompetence, but gross incompetence, recklessness, and each Defendants' personal involvement and causation of the violation of Joshua Brown's constitutional rights. As alleged in the Amended Complaint, Defendant Sheriff Tyree Jones was the policy maker of the jail, knew that the jail had fallen below Eighth and Fourteenth Amendment constitutional standards, that the jail was improperly staffed, and detainees and inmates were subject to inhumane conditions. All knowingly caused by his acts or omissions and evidenced in virtually every Court Monitoring report. As such, Plaintiff has properly pleaded a constitutional right, which Defendant Sheriff Tyree Jones has violated and was clearly established. Therefore, qualified immunity, especially at this stage of the litigation, is due to be denied.

## CONCLUSION

As stated herein, Plaintiff's Amended Complaint is well-plead, and Defendant's motion should be denied. In the alternative, should the Court determine that Defendants motion should be granted in whole or in part, Plaintiff's requests this Court grant him an opportunity to amend his Complaint. "[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity **after being afforded repeated opportunities to do so**." *Id.* (emphasis added).

**THIS** the 8th day of May, 2025.

                              Respectfully Submitted,

                              Shirley Brown, As Natural Mother And
                              Next Friend Of Joshua Brown, A Minor,

                    BY: /s/ William G. Shields
                            WILLIAM G. SHIELDS (MSB# 104637)

OF COUNSEL:

William G. Shields (MSB# 104637)
Mack Reeves (MSB# 104823)
**SHIELDS REEVES, PLLC**
PO Box 1648
Ridgeland, Mississippi 39158-1648
Telephone No. (601) 427-9196
garrig@shieldsreeves.com
mack@shieldsreeves.com
*Counsel for Plaintiff*

Vicki L. Gilliam
The Gilliam Firm, PLC
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: 601-488-4044
gilliam@gilliamfirm.com

Aafram Y. Sellers, MSB #100261
SELLERS & ASSOCIATES, PLLC
395 Edgewood Terrace Drive
Jackson, Mississippi 39206
Tel: (601)352-0102
Facsimile: (601)956-6719
aafram@sellerslawfirm.net

**CERTIFICATE OF SERVICE**

I, William G. Shields, attorney for the Plaintiff, do hereby certify that I have this day delivered, via CM/ECF, a true and correct copy of the forgoing *Memorandum Brief and Response* which has forwarded a true and correct copy to all counsel of record.

This the 8th day of May, 2025.

/s/ William G. Shields
William G. Shields