IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

SHIRLEY BROWN, AS NATURAL MOTHER AND
NEXT OF FRIEND OF JOSHUA BROWN, A MINOR                                    PLAINTIFF

VS.                                                 CIVIL ACTION NO. 3:24-cv-00556-TSL-MTP

THE CITY OF JACKSON, MISSISSIPPI; ET AL.                                   DEFENDANTS

**SHERIFF TYREE JONES' REPLY TO PLAINTIFF'S RESPONSE TO MOTION
FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

Sheriff Tyree Jones ("Sheriff Jones" or "Movant"), by and through counsel, submits his Reply to Plaintiff's Response to Motion for Judgment on the Pleadings base on Qualified Immunity as follows:

**I.   PLAINTIFF FAILS TO SHOW SHERIFF JONES' PERSONAL INVOLVEMENT**

**A.   Plaintiff's Shotgun Pleading Negatively Affects Plaintiff's Ability to Show How Sheriff Jones Personally Violated the Constitution**

As the Court knows, Sheriff Jones is "entitled to immunity under [42 U.S.C.] § 1983 for any asserted actions **in which [he was] not personally involved**." *U.S. Tech. Corp. v. Mississippi Dep't of Env't Quality*, No. 5:15-cv-66-DCB-MTP, 2016 WL 4098609, at *6 (S.D. Miss. July 28, 2016) (emphasis added). Significantly, Sheriff Jones retains his "cloak of qualified immunity" for each claim Plaintiff raises against Sheriff Jones in his individual capacity because Plaintiff wholly fails to demonstrate Sheriff Jones, in any way whatsoever, discretely, individually, and personally violated Plaintiff's minor son's clearly established constitutional rights. *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994).

Central to Plaintiff's inability to show Sheriff Jones' personal involvement is the fact that her First Amended Complaint is the most common type of shotgun pleading, *i.e.*, she includes "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Alexander v. Hall*, No. 4:20-cv-21-DMB-JMV, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)) (cleaned up). To be sure, each of the four (4) counts[1] concerning Sheriff Jones begins with the following prefatory paragraph: "**Plaintiff incorporates by reference each paragraph of this Amended Complaint as if fully restated here.**" *First Am. Compl.* [15] at 15 (¶ 92), 24 (¶¶ 101, 104), and 25 (¶ 108); *see also Mem.* [53] at 11 n.5.

The necessary result of such pleading practices—which this "Court has repeatedly warned attorneys against"[2]—is that the "vague and imprecise allegations do not comport with the doctrine of qualified immunity and the dictates of Section 1983[,]"[3] *i.e.*, they prevent a claimant from "plausibly stat[ing] a claim against [defendants] for [their] alleged conduct." *Neely v. Great Escapes Pelahatchie, LP*, No. 3:21-CV-786-DPJ-ASH, 2024 WL 5125388, at *3 (S.D. Miss. Dec. 16, 2024). This is because "[l]iability under Section 1983

---

[1] Counts IV, VI, VII, and VIII. Since Count VII is inapplicable to Sheriff Jones in his individual capacity, only Counts IV, VI, and VIII are addressed herein. *See Mem.* [53] at 2 n.2.

[2] *Williams v. City of Jackson*, No. 3:20-cv-785-DPJ-FKB, 2021 WL 4485865, at *5 (S.D. Miss. Sept. 29, 2021) (quoting *Payne v. Univ. of S. Miss.*, No. 1:12-cv-41-KS-MTP, 2015 WL 1482636, at *4 (S.D. Miss. Mar. 31, 2015)) (cleaned up).

[3] *U.S. Tech. Corp.*, 2016 WL 4098609, at *6.

2

may not be conferred to an individual defendant by general allegations" against collectively grouped defendants. *U.S. Tech. Corp.*, 2016 WL 4098609, at *6. Furthermore, shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n. 6 (11th Cir. 1996) ("characterizing as a '"shotgun" pleading' a complaint that failed to place a defendant on notice of what the claim was **and the grounds upon which it rested**")) (emphasis added).

### B. Plaintiff Fails to State a Failure to Train Claim Against Sheriff Jones

Plaintiff's three (3) paragraph Count VI[4] asserts seven (7) various defendants in this case failed "to properly train its/their employees including but not limited to: police officers, jail employees, detention officers, investigators, detectives, officials, and others[, which Plaintiff asserts amounted to] deliberate indifference to the rights of Joshua Brown." *First Am. Compl.* [15] at 24 (¶ 102). Paragraph 102 of Plaintiff's pleading is integral in demonstrating why Plaintiff's Failure to Train Claim fails against Sheriff Jones.

Again, Plaintiff must factually allege "'(1) [Sheriff Jones] either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's [minor son's] rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 646–47 (N.D. Miss. 2013) (quoting *Goodman v. Harris County, Tex.*, 571 F.3d

---

[4] Only two (2) paragraphs in this Count are somewhat substantive as the first paragraph (¶ 101) is the emblematic "incorporation" paragraph that identifies shotgun pleadings.

3

388, 395 (5th Cir. 2009)). To be clear, Plaintiff never alleges Sheriff Jones individually, discretely, and personally failed to train Hinds County jail employees or detention officers. What is more, Plaintiff fails to (1) allege how any "**particular training program** is defective[;]" and (2) "demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *King v. Latham*, No. 2:24-cv-169-KS-MTP, 2025 WL 978405, at *5 (S.D. Miss. Apr. 1, 2025) (quoting *Goodman*, 571 F.3d at 395) (emphasis added; quotations omitted); *see also Thompson v. Upshur Cnty., TX*, 245 F.3d 447, 459 (5th Cir. 2001)[5]. This is where paragraph 102 comes into play.

Plaintiff's pleading muddles the training practices of two (2) governmental entities and five (5) individuals for six (6) or more groups of employees without specifying who Sheriff Jones failed to train and how, not to mention how the alleged failure to train caused the violation of Plaintiff's minor son's constitutional rights. *See King*, 2025 WL 978405, at *5. Plaintiff's Response [57] does not clear things up. Plaintiff states:

> Plaintiff has satisfied every element necessary to maintain the failure to train claim as to Defendant Tyree Jones. Plaintiff alleged that Defendant Jones was aware of inadequate conditions by lack of staff and training among numerous others. Further, that Plaintiff was deprived of rights and liberties as a result of the lack of training. Moreover, there is actual evidence that all this took place and documented in the attached exhibits to the complaint, as the DOJ noted through the Court monitoring.

---

[5] Plaintiff, despite citing *Thompson*, fails to provide proof of a single instance of Sheriff Jones failing to train jail employees or detention officers, let alone demonstrate a pattern of similar violations.

*Resp. Mem.* [57] at 13. Despite his assertion to the contrary, Plaintiff has not pled (nor supported with requisite factual averments) a failure to train claim against Sheriff Jones; his Response [57] demonstrates as much.

At best, Plaintiff asserts "Sheriff Jones knew prior to this incident that the [Hinds County Detention Center ("HCDC")] was understaffed with untrained officers and of inhumane and unsafe conditions of the jail[,]" but neither this statement nor anything else in Plaintiff's First Amended Complaint [15] or Response [57][6] is factually sufficient to support each element of a failure to train claim. *First Am. Compl.* [15] at 3 (¶ 8). Accordingly, this claim fails.

    **C.**    <u>**Plaintiff Fails to State a Failure to Protect Claim Against Sheriff Jones**</u>

Plaintiff clearly asserts her Court IV against "Hinds County, Mississippi, and Sheriff Tyree Jones[,] but, seemingly to counter Sheriff Jones' shotgun pleading arguments, Plaintiff asserts in her Response that "Plaintiff's Count IV was alleged directly as to Defendant Jones." *Resp. Mem.* [57] at 7. Does this mean Plaintiff is stating Count IV does not apply to the County? This is unclear, particularly since the entirety of Count IV is asserted against "Defendants" which, in context of the Count, are both Hinds County and Sheriff Jones. Plaintiff's unclear and confusing response makes it difficult for Sheriff Jones to adequately rebut Plaintiff's assertions. The claim fails against Sheriff Jones in his individual capacity, regardless.

---

[6] Plaintiff's Response [57] cites numerous cases to build a "constructive knowledge" argument against Sheriff Jones, but Plaintiff fails to assert any facts—from her pleading or otherwise—to which her citations apply. Plaintiff's citations, therefore, are akin to "'naked assertion[s] devoid of further factual enhancement[.]'" *Jones v. United States Postal Serv.*, 690 F. App'x 147, 149 (5th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

### 1.     Plaintiff's Failure to Protect Claim is a *Monell*[7] Claim

**First and foremost**, Sheriff Jones argued that to the extent the allegations in this Count amount to a *Monell* claim, the claim fails against him individually. Significantly, Plaintiff's Response [57] never refutes *Monell*'s applicability. In fact, Plaintiff all but confirms her Count IV is a *Monell* claim because she addresses the elements of the same:

> Plaintiff alleged that Defendant Jones, as the elected an [sic] appointed official, established policies and customs that caused the deprivation of Plaintiff's rights, Defendant Jones was deliberately indifferent to Plaintiff's safety as well as other inmates at HCDC. Said policies, failed to protect Plaintiff and created unconstitutional conditions of confinement.

*Resp. Mem.* [57] at 7; *see also, e.g., St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)) (highlighting the three (3) elements of a *Monell* claim). As the Court can see, Plaintiff asserts the polices—**not Sheriff Jones**—"failed to protect Plaintiff and created unconstitutional conditions of confinement." *Resp. Mem.* [57] at 7.

Also, Plaintiff attempts to prove the alleged policies' existence by relying on "a widespread practice[8] that is so common and well-settled as to constitute a custom that fairly represents municipal policy[,]" which further indicates Plaintiff is asserting a *Monell* claim here. *St. Maron*, 78 F.4th at 760. The end result of Plaintiff's policy-based

---

[7] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[8] Even though Sheriff Jones takes issue with the same (*infra*), Plaintiff repeatedly references prior issues with HCDC as a foundation for her policy claims. *See First Am. Compl.* [15] at 3-4 (¶ 8), 10 (¶ 41), 21 (¶ 94 n.8); *see also Resp. Mem.* [57] at 6-10.

claims is that Sheriff Jones is not individually liable for the same.

### 2. <u>Plaintiff's Failure to Protect Claim Against Sheriff Jones Fails</u>

If any aspect of Plaintiff's Count IV could be attributable to Sheriff Jones individually, it would be a claim for failure to protect. Plaintiff's Response [57], however, dispels that notion. *Supra* at 6 (policies, not Sheriff Jones failed to protect Plaintiff's minor son). To the extent the Court finds Plaintiff has stated a failure to protect claim against Sheriff Jones, the Sheriff reiterates what he raised in his opening brief, especially since Plaintiff failed to respond to the same: Plaintiff simply fails to plead "facts permitting [this C]ourt to draw a reasonable inference that [Sheriff Jones] '(1) had subjective knowledge of a substantial risk of serious harm [to Plaintiff's minor son] and (2) **responded to that risk with deliberate indifference**.'" *Edmiston v. Borrego*, 75 F.4th 551, 559 (5th Cir. 2023), *cert. denied sub nom. Crandel v. Hall*, 144 S. Ct. 1002, 218 L. Ed. 2d 21 (2024) (quoting *Cope v. Cogdill*, 3 F. 4th 198, 210 (5th Cir. 2021)) (emphasis added). Plaintiff fails to satisfy the elements of a failure to protect claim on every level.

**First**, Plaintiff never asserts Sheriff Jones had a subjective awareness that Plaintiff's minor son was under any substantial risk of serious harm. **Second**, Plaintiff never asserts that Sheriff Jones "also drew the inference" that Plaintiff's minor son was under any substantial risk of serious harm. *Edmiston*, 75 F.4th at 559 (quoting *Converse v. City of Kemah, Texas*, 961 F.3d 771, 775–76 (5th Cir. 2020)) (cleaned up). **Third**—despite being put on notice that Plaintiff's assertion of "deliberate indifference" was purely conclusory— Plaintiff failed to provide any factual support that Sheriff Jones was, in any way whatsoever, deliberately indifferent to any substantial risk of serious harm that Plaintiff's

7

minor son allegedly faced. On the last point, Plaintiff's "deliberate indifference" allegations are not entitled to the presumption of truth because they are devoid of any factual support. *See Mem*. [53] at 18. Accordingly, this claim fails against Sheriff Jones.

## II. PLAINTIFF FAILS TO REMOVE SHERIFF JONES' QUALIFIED IMMUNITY

As demonstrated above, Plaintiff's allegations fail to demonstrate Sheriff Jones personally violated any constitutional right. Thus, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). To the extent the Court takes the inquiry further, Plaintiff fails "to show that the [qualified immunity] defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). Accordingly, Sheriff Jones retains his cloak of qualified immunity.

As the Court knows, part of Plaintiff's **mandatory burden** is to "point to legal precedent that puts the wrongfulness of [Sheriff Jones'] actions 'beyond debate.'" *Terrell v. Harris Cnty.*, No. 23-20281, 2024 WL 4446408, at *2 (5th Cir. Aug. 16, 2024) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). Plaintiff fails to make such a showing. Significantly, Plaintiff wholly fails to cite any clearly established law that would give Sheriff Jones fair notice that his alleged actions in this matter, ill- or un-defined as they are, violated Plaintiff's minor son's constitutional rights. *See, e.g., Brosseau v. Haugen*, 543 U.S. 194, 198-201 (2004) (relevant case law should squarely govern the facts in issue). Here, Plaintiff cites cases, but she never analogizes or applies them to the specific facts of this case.

"The Supreme Court recently underscored the importance of specificity in the clearly-established-law inquiry when it reminded lower courts 'not to define clearly

8

established law at too high a level of generality.'" *Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 132 (5th Cir. 2022) (quoting *City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 142 S. Ct. 9, 211 L. Ed. 2d 170 (2021)). "Rather, courts must determine that existing precedent has rendered the right 'beyond debate.'" *Id.* (quoting *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5, 142 S. Ct. 4, 8, 211 L. Ed. 2d 164 (2021)). Plaintiff's citations rely on a high level of generality to establish broad principles, which misses the point of her clearly-established-law burden, *i.e.*, her cases do not focus on/address Sheriff Jones' actions, and certainly do not put them beyond debate.

Perhaps most problematic for Plaintiff here is the fact that her "conclusory allegations lumping all 'Defendants' together are insufficient to state a claim against [Sheriff Jones] in [his] individual capacit[y], or to overcome [his] qualified immunity." *Plumier v. Mississippi Dep't of Corr.*, No. 1:18-cv-13-HSO-JCG, 2018 WL 4323925, at *3 (S.D. Miss. Sept. 10, 2018). Plaintiff's lack of precise factual assertions regarding Sheriff Jones' actions effectively precludes Plaintiff from presenting a case or body of law to the Court that put Sheriff Jones' actions beyond debate. Sheriff Jones, therefore, necessarily retains qualified immunity in this case, and the Court must dismiss Plaintiff's claims against him in his individual capacity as a result.

### III.   PLAINTIFF CANNOT RELY ON THE HINDS COUNTY CONSENT DECREE CASE TO SUPPORT HER CLAIMS

In response to Sheriff Jones' assertions that Plaintiff cannot rely on the Hinds County Consent Decree case[9] referred to in her pleading as a "substantive basis for a

---

[9] *United States v. Hinds Cnty.*, No. 3:16-cv-489-CWR-RHWR ("*Hinds County*").

claim of damages under § 1983[10][,]" Plaintiff asserts:

> Plaintiff is not alleging that the Consent Decree creates a cause of action in itself but references the Consent Decree and its ongoing litigation as evidence that "it as at least plausible . . . that Judge Reeves's finding that RDC [Raymond Detention Center] continued to operate in an unconstitutional way.

*Resp. Mem.* [57] at 13. Both Plaintiff's assertion and her reliance on *Hinds County* fail.

**First**, Plaintiff clearly relies on *Hinds County* as a substantive basis for her damages. Without providing any information about what happened at HCDC from July 29, 2022, to October 19, 2023[11], or describing Sheriff Jones' specific actions during that time, Plaintiff asserts that whatever Judge Reeves determined in *Hinds County* in 2022 remained true at the time of Plaintiff's minor son's incarceration at HCDC, *i.e.*, *Hinds County* is the foundation for Plaintiff's claims against Sheriff Jones.

**Second**, due to the lapse of one (1) year, two (2) months, and twenty (20) days between the relevant dates, Plaintiff's assertion of plausibility fails because the large gap of time puts Plaintiff's reliance on *Hinds County* more into the "speculative level[,]" especially to the extent Plaintiff relies on *Hinds County* to comment on Sheriff Jones' actions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Third**, "[t]he Court lacks the time or the obligation to sift through 400 pages of exhibits to consider whether a plaintiff states a claim. Rule 8 puts the burden on the

---

[10] *See Mem.* [53] at 19-20 n.8 (quoting *Purvis v. Johnson*, 78 F. App'x 377, 380, 2003 WL 22391226 (5th Cir. 2003) (this is an unpublished opinion, so Sheriff Jones provides the electronic WestLaw citation to satisfy U.S. Ct. of App. 5th Cir. Rules 28.7 and 47.5).

[11] Time period between the Order [15-4] Plaintiff attaches to her *First Am. Compl.* [15] to the time her minor son enters HCDC.

plaintiff to show he is entitled to relief." *Desoto Grp., LLC v. Linetec Servs.*, LLC, 339 F.R.D. 249, 252 (S.D. Miss. 2021). Plaintiff's *Hinds County* exhibit [15-4] only contains twenty-six (26) pages[12], but Plaintiff's pleading asks the Court to specifically consider the sixty-four (64) page, one hundred sixty-one (161) paragraph Order Amending Consent Decree as well as the entirety of those proceedings. *See First Am. Compl.* [15] at 7 (¶ 24 n.2) (citing *United States v. Hinds Cnty.*, No. 3:16-cv-489-CWR-RHWR, 2022 WL 1112223 (S.D. Miss. Apr. 13, 2022)). While Plaintiff can certainly attach lengthy documents to her pleading, her reliance on the entirety of *Hinds County* seems to demonstrate a "hope of making otherwise deficient pleadings sufficient under Rule 12(b)(6)." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 117 n.6 (5th Cir. 2019). Without more, the Court need not indulge Plaintiff's reliance on *Hinds County*. *See Mem.* [53] at 19-20.

## IV.   CONCLUSION

Based on the arguments and authorities above, as well as those raised in Sheriff Tyree Jones' Motion [52] and Memorandum [53], the Court must dismiss Plaintiff's claims against Sheriff Jones in his individual capacity based on his retention of qualified immunity. Significantly, this immunity extends to Plaintiff's claims against the Sheriff in Counts IV, VI, and VIII.

Regarding Count VIII, Plaintiff's Response [57] failed to address the same, which means Plaintiff abandoned the claim due to failure to respond or otherwise inadequate

---

[12] Even though the Order [15-4] only has twenty-six (26) pages, Plaintiff only directly cites the Order twice in her pleading and altogether fails to pinpoint which parts of that Order apply to Plaintiff's claims.

11

briefing. As the Court knows, when a plaintiff fails to respond to arguments raised in a motion to dismiss, the plaintiff "**has waived his opposition**." *Brown v. ESAB Grp., Inc.*, No. 2:22-cv-155-KS-MTP, 2023 WL 2656755, at *2 (S.D. Miss. Mar. 27, 2023) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.")). "In other words, [Plaintiff's] failure to pursue [her state created danger claim] beyond the Complaint constituted abandonment." *Id*. (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)).

Taking everything above into consideration, Sheriff Jones respectfully requests the Court enter an Order dismissing Plaintiff's claims against him in his individual capacity with prejudice.

**DATE:** May 22, 2025.

                                                        Respectfully submitted,

                                                        **SHERIFF TYREE JONES, in His Individual Capacity**

                                                        BY:   */s/Lance W. Martin*
                                                                   One of the Sheriff's Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
will.allen@butlersnow.com
lance.martin@butlersnow.com

## CERTIFICATE OF SERVICE

I, the undersigned of Butler Snow LLP, one of the attorneys for Sheriff Tyree Jones, in His Individual Capacity, hereby certify that on this day, I electronically filed the foregoing Reply to Plaintiff's Response to Motion for Judgment on the Pleadings based on Qualified Immunity with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including, but not limited to:

    Aafram Y. Sellers
    SELLERS & ASSOCIATES, PLLC - Jackson
    395 Edgewood Terrace Drive
    Jackson, MS 39206
    601/352-0102
    Fax: 601/352-0106
    aafram@sellerslawfirm.net

    Vicki L. Gilliam
    THE GILLIAM FIRM
    368 Highland Colony Parkway
    Ridgeland, MS 39157
    601-488-4044
    gilliam@gilliamfirm.com

    William G. Shields
    SHIELDS REEVES, PLLC
    P.O. Box 1648
    Ridgeland, MS 39158-1648
    601-427-9196
    Fax: 601-369-9828
    garrig@shieldsreeves.com
        *Attorneys for Plaintiff*

The 22d day of May 2025.

                                        /s/ *Lance W. Martin*
                                        OF COUNSEL