UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHIRLEY BROWN, AS NATURAL MOTHER AND
NEXT FRIEND OF JOSHUA BROWN, A MINOR                      PLAINTIFF

VS.                            CIVIL ACTION NO. 3:24-cv-556-TSL-MTP

THE CITY OF JACKSON, MISSISSIPPI;
CHIEF JOSEPH WADE, IN HIS INDIVIDUAL
CAPACITY AS CHIEF OF POLICE OF THE
CITY OF JACKSON; HINDS COUNTY, MISSISSIPPI;
SHERIFF TYREE JONES, IN HIS INDIVIDUAL
CAPACITY AS SHERIFF OF HINDS COUNTY;
DR. ELAYNE HAYES ANTHONY, IN HER
INDIVIDUAL CAPACITY AS PRESIDENT OF
JACKSON STATE UNIVERSITY; HERMAN
HORTON, IN HIS INDIVIDUAL CAPACITY
AS CHIEF OF POLICE OF JACKSON STATE
UNIVERSITY; TERRANCE JACKSON, IN HIS
INDIVIDUAL CAPACITY AS DETECTIVE AND
OFFICER OF JACKSON STATE UNIVERSITY;
ALPHA PHI ALPHA FRATERNITY, DELTA PHI CHAPTER;
AND AS-YET UNKNOWN PERSON(S) OR ENTITIES            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants City of Jackson and Jackson Police Chief Joseph Wade to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Shirley Brown, as natural mother and next friend of Joshua Brown, a minor, has responded in opposition to the motion. The court, having considered the pleadings and memoranda of authorities submitted by the parties, concludes that plaintiff's complaint does not state a claim for relief against these defendants on which relief can be granted. Rather than dismiss the complaint against them, however, the court will allow

1

plaintiff the opportunity to file a motion to amend to attempt to state a viable cause of action against them.

On October 16, 2023, Jaylen Burns, a student at Jackson State University (JSU), was shot and killed during an altercation at an apartment complex on the JSU campus between two groups of individuals, one consisting of several members of the Alpha Phi Alpha fraternity and the other, the former girlfriend of an Alpha Phi Alpha member and several of her friends and friends of her friends. During the ensuing investigation, members of the fraternity allegedly identified Joshua Brown as the shooter, and on August 18, Joshua was arrested pursuant to a warrant issued based on an affidavit prepared by JSU Police Detective Terrance Jackson. Joshua was incarcerated in the Raymond Detention Center after being denied bond.

According to the complaint, on October 24, less than a week after his arrest, representatives of Joshua provided investigators with evidence that clearly proved Joshua was in Jones County, some eighty to ninety miles from the JSU campus, at the time of the shooting and thus could not possibly have been the shooter. And in the days that followed, friends and family members of Joshua continued to provide information that purportedly exonerated Joshua. When investigators were perceived as being unresponsive, representatives of Joshua

shared this information with members of the media, whose investigations reportedly confirmed that Joshua was not present at JSU when the shooting occurred.  And yet, plaintiff alleges, despite conclusive, exculpatory, direct, and verifiable evidence having been provided "to [JSU] Detective [Terrance] Jackson and other Defendants assisting with the investigation, ... no efforts in any manner were taken [by investigators] related to that evidence provided to said Defendants."  As a result, Joshua, who had committed no crime, was held in jail for nearly four weeks, until he was finally released after JSU Detective Terrance Jackson informed the court on November 10, 2023 that the charges against him were dismissed.

In this action, in addition to suing JSU President Elayne Hayes Anthony, JSU Police Chief Herman Horton and Detective Jackson, the JSU officer who headed the investigation into the shooting (collectively, "the JSU defendants"),[1] plaintiff has sued the City of Jackson and Jackson Police Chief Wade, in his individual capacity, asserting federal claims under 42 U.S.C. § 1983 against them, along with the JSU defendants, for alleged violation of Joshua's due process rights, leading to his arrest (Count I); malicious prosecution (Count II); false imprisonment

---

[1]  The JSU defendants have also moved to dismiss.  Their motion will be addressed by a separate memorandum opinion to be entered shortly.

3

(Count III); false arrest/illegal detention (Count V); failure to train/supervise (Count VI); ratification (Count VII); state-created danger (Count VIII); and further asserting state law claims of "reckless disregard of [Joshua's] safety and well-being" (Count IX); malicious prosecution (Count X); abuse of process and conspiracy to abuse process (Count XI); negligent and intentional infliction of emotional distress (Counts XII and XIII); slander per se (Count XIV); and negligence per se (Count XV).

    To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Plaintiff's complaint clearly falls far short of meeting this standard.  Despite all the claims plaintiff has asserted against the City and Chief Wade, the complaint contains only a single factual allegation that even mentions them. Specifically, paragraph 19 states, "On or about October 16, 2023, Chief Joseph Wade of the Jackson Police Department publicly announced via media press conference that the Jackson Police Department was "assisting in the investigation to

apprehend the person of interest."[2] This allegation does not even arguably support any of the causes of action plaintiff has purported to assert against the City and Chief Wade. There is no allegation in the complaint that Chief Wade personally did anything other than announce at a press conference that JPD was assisting in an investigation. Obviously, he cannot be held liable on any theory of recovery merely for having made an announcement at a press conference. Just as obviously, the City cannot be held liable simply because JPD assisted in the investigation that led to Joshua's apprehension.

Based on the foregoing, the court concludes that plaintiff's complaint does not state a viable claim for relief against the City or Chief Wade. Plaintiff asks that she be allowed to amend in the event the court concludes that no claim has been stated. The Fifth Circuit has held that "a plaintiff's failure to meet the specific pleading requirements should not

---

[2] Although the complaint is otherwise replete with allegations charging "defendants" with various wrongs against Joshua, the court disregards those allegations as nothing more than impermissible shotgun pleading. See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) ("Shotgun pleading" which includes "a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions,' is "'flatly forbidden by the spirit, if not the letter'" of Rule 8) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)).

automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." Id. Given this, the court will grant plaintiff an opportunity to plead a case against the City and Chief Wade.

Accordingly, it is ordered that plaintiff may move for leave to amend within fourteen days of the entry of this order. The proposed amended complaint must not include instances of "shotgun pleading" and it must not incorporate all or part of any previously filed complaint.[3] If the City and/or Chief Wade believes the proposed complaint still fails to state a claim or to overcome qualified immunity, it/he may then oppose amendment as futile. See Brown v. Tarrant Cnty., 985 F.3d 489, 498 (5th Cir. 2021). If no motion to amend has been filed within fourteen days, the court will dismiss with prejudice the complaint against the City and Chief Wade.

SO ORDERED this 7th day of July, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3] In seeking to amend, counsel should be mindful of his obligations under Rule 11.