IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA BROWN                                                              PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:24-CV-556-TSL-MTP

THE CITY OF JACKSON, MS, ET AL.                                         DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES[1]

Defendant Terrance Jackson ("Defendant" or "Jackson") states the following affirmative

defenses and otherwise responds to the allegations of Plaintiff's First Amended Complaint [Doc.

15] (hereafter, the "Complaint"):

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Jackson upon which any relief can be

granted.

## SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Jackson that rise to the level of a

constitutional or statutory deprivation under the laws of the United States, the Constitution of the

United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Plaintiff's claims against Jackson are barred by qualified immunity.

---

[1] The Court entered an Order dated July 11, 2025 [Doc. 65] dismissing certain claims against the defendatns, including Jackson, but allowing Plaintiff the opportunity to amend his Complaint. Plaintiff did not amend his Complaint by the deadline and advised the Court that he did not plan to do so. The Court entered an Order dated July 22, 2025 [Doc. 66] dismissing an additional claim against Jackson and all claims against the City of Jackson, Chief Wade, Sheriff Jones, Dr. Anthony, and Horton. Although the undersigned represents Dr. Anthony, Horton, and Jackson, this Answer is filed on behalf of Jackson only, as the Court dismissed Plaintiff's claims against all other defendants.

## FOURTH DEFENSE

Plaintiff's state law claims are barred or limited by each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15.

## FIFTH DEFENSE

To the extent the Court has already found certain of Plaintiff's claims against Jackson fail for the reasons set forth in its Orders on Defendant's Motions to Dismiss [Docs. 65 and 66], Jackson specifically incorporates and adopts such defenses in this action.

## SIXTH DEFENSE

Plaintiff's damages, if any, resulted in whole or in part from his own actions, or the actions of a third-party for which Defendant is not responsible.

## SEVENTH DEFENSE

Defendant invokes all immunities granted by judicial, common law, and statutory sovereign immunity.

## EIGHTH DEFENSE

Defendant's actions met or exceeded the requirements of law and due care.

## NINTH DEFENSE

Defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## TENTH DEFENSE

Defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## ELEVENTH DEFENSE

Defendant states that his actions were in good faith, without malice, and within the scope and course of his employment.

## TWELFTH DEFENSE

Any allegations contained in Plaintiff's Complaint not specifically admitted are denied.

## THIRTEENTH DEFENSE

Defendant affirmatively pleads all relevant federal and state law limitation on liability and damages that may apply to Plaintiff's claims.

## FOURTEENTH DEFENSE

To the extent Plaintiff claims he sustained damages as a result of Defendant's conduct, Plaintiff failed to make reasonable efforts to mitigate his damages.

## FIFTEENTH DEFENSE

Defendant reserves the right to add additional defenses as the same become known during the course of discovery.

## ANSWER

And now, without waiving any defenses heretofore or hereinafter set forth, Defendant responds to Plaintiff's Complaint as follows, and denies all allegations not specifically admitted:

## JURISDICTION AND VENUE

1. Defendant admits this Court has jurisdiction over claims for violations of the United States Constitution and federal law. The remaining allegations of this paragraph are denied.

2. Without waiving any defenses, restrictions, limitations, or immunities to the merits of Plaintiff's claims, admitted.

3. Without waiving any defenses, restrictions, limitations, or immunities, Defendant admits

this Court is the proper venue for Plaintiff's claims. The remaining allegations of this paragraph are denied.

## PARTIES

4.    Admitted upon information and belief.[2]

5.    This paragraph does not contain an averment of fact as to Defendant.

6.    This paragraph does not contain an averment of fact as to Defendant.

7.    This paragraph does not contain an averment of fact as to Defendant.

8.    This paragraph does not contain an averment of fact as to Defendant.

9.    This paragraph does not contain an averment of fact as to Defendant.

10.    This paragraph does not contain an averment of fact as to Defendant.

11.    Admitted.

12.    This paragraph does not contain an averment of fact as to Defendant.

13.    This paragraph does not contain an averment of fact as to Defendant.

## FACTS

14.    Defendant incorporates his responses to the prior paragraphs of Plaintiff's Complaint.

15.    Denied.

16.    This paragraph does not contain an averment of fact as to Defendant.

17.    Denied.

18.    Defendant admits witnesses identified Plaintiff as the shooter. The remaining averments are denied, as stated.

19.    This paragraph does not contain an averment of fact as to Defendant.

20.    This allegation references a written document, which speaks for itself.

---

[2] Joshua Brown has been substituted as the Plaintiff in place of Shirley Brown under the Court's Order dated July 9, 2025 [Doc. 64].

4

21.     This allegation references a written document, which speaks for itself.

22.     Defendant admits Plaintiff was arrested. The remaining averments are denied, as stated.

23.     Defendant admits Plaintiff was arrested. Defendant lacks sufficient information to admit or deny the remaining averments, and therefore denies the same.

24.     This paragraph does not contain an averment of fact as to Defendant.

25.     Denied.

26.     This paragraph does not contain an averment of fact as to Defendant.

27.     This paragraph does not contain an averment of fact as to Defendant.

28.     This paragraph does not contain an averment of fact as to Defendant.

29.     Defendant lacks sufficient information sufficient to determine the truth of the allegations of this paragraph and, as such, denies the same.

30.     Denied.

31.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and its accompanying footnote and therefore denies the same.

32.     Denied, as stated.

33.     This paragraph does not contain an averment of fact as to Defendant.

34.     Defendant denies he told Makaila Smith he didn't want to see relevant evidence. Defendant lacks sufficient information to admit or deny the remaining averments of this paragraph and, as such, denies the same.

35.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

36.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

37.     Denied, as stated.

38.     Denied, as stated.

39.     Denied, as stated.

40.     This paragraph refers to a written court order, which speaks for itself. Defendant lacks sufficient information to admit or deny when Plaintiff was physically released from custody of the Raymond Detention Center.

41.     Denied.

42.     Denied.

43.     This averment and the accompanying footnote are denied, as stated.

44.     This averment and the accompanying footnote are denied, as stated.

45.     Denied.

46.     Denied.

47.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

48.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

49.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

50.     Defendant lacks sufficient information sufficient to admit or deny the allegations of this paragraph and, as such, denies the same.

51.     Denied.

52.     Denied.

53.     Denied.

**CLAIMS FOR RELIEF**

**COUNT 1**
**42 U.S.C. §1983—Due Process**
**(All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones, and Alpha Phi Alpha Fraternity, Delta Phi Chapter)**

54.    Denied. This claim has been dismissed.

55.    Denied. This claim has been dismissed.

56.    Denied. This claim has been dismissed.

57.    Denied. This claim has been dismissed.

58.    Denied. This claim has been dismissed.

59.    Denied. This claim has been dismissed.

60.    Denied. This claim has been dismissed.

61.    Denied. This claim has been dismissed.

62.    Denied. This claim has been dismissed.

63.    Denied. This claim has been dismissed.

64.    Denied. This claim has been dismissed.

65.    Denied. This claim has been dismissed.

66.    Denied. This claim has been dismissed.

67.    Denied. This claim has been dismissed.

68.    Denied. This claim has been dismissed.

69.    Denied. This claim has been dismissed.

70.    Denied. This claim has been dismissed.

71.    Denied. This claim has been dismissed.

72.    Denied. This claim has been dismissed.

73.    Denied. This claim has been dismissed.

74.     Denied. This claim has been dismissed.

75.     Denied. This claim has been dismissed.

76.     Denied. This claim has been dismissed.

**COUNT II**
**42 U.S.C. §1983—Federal Malicious Prosecution**
**(All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones, and Alpha Phi Alpha Fraternity, Delta Phi Chapter)**

77.     Defendant incorporates his prior responses to the prior paragraphs of Plaintiff's

Complaint.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

**COUNT III**
**43 U.S.C. § 1983 – Federal False Imprisonment**
**(All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones, and Alpha Phi Alpha Fraternity, Delta Phi Chapter)**

90.     Denied. This claim has also been dismissed as duplicative of Count V.

91.    Denied. This claim has also been dismissed as duplicative of Count V.

## COUNT IV
### 43 U.S.C. § 1983 – 8th and 14th Amendment Violations: Protection from Harm and Dangerous Conditions of Confinement
### (Hinds County, Mississippi and Sheriff Tyree Jones)

92.    Denied. This claim has been dismissed.

93.    Denied. This claim has been dismissed.

94.    Denied. This claim has been dismissed.

95.    Denied. This claim has been dismissed.

## COUNT V
### False Arrest/Illegal Detention
### (All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones, and Alpha Phi Alpha Fraternity, Delta Phi Chapter)

96.    Defendant incorporates his prior responses to the prior paragraphs of Plaintiff's

Complaint.

97.    Plaintiff's false arrest claim has been dismissed. The surviving averments are denied.

98.    Plaintiff's false arrest claim has been dismissed. The surviving averments are denied.

99.    Plaintiff's false arrest claim has been dismissed. The surviving averments are denied.

100.    Plaintiff's false arrest claim has been dismissed. The surviving averments are denied.

## COUNT VI
### Failure To Train/Supervise
### (All Defendants except Alpha Phi Alpha Fraternity, Delta Phi Chapter)

101.    Denied. This claim has been dismissed.

102.    Denied. This claim has been dismissed.

103.    Denied. This claim has been dismissed.

## COUNT VII
### Ratification
### (All Defendants except Alpha Phi Alpha Fraternity, Delta Phi Chapter)

104.    Denied. This claim has been dismissed.

105.    Denied. This claim has been dismissed.

106.    Denied. This claim has been dismissed.

107.    Denied. This claim has been dismissed.

## COUNT VIII
### Danger Created Under the Color of State Law
### (All Defendants except Alpha Phi Alpha Fraternity, Delta Phi Chapter)

108.    Denied. This claim has been dismissed.

109.    Denied. This claim has been dismissed.

110.    Denied. This claim has been dismissed.

Answering Plaintiff's unnumbered averment, Denied.

## STATE LAW CLAIMS

## COUNT IX
### Reckless Disregard of the Safety and Well-Being of the Plaintiff (All Defendants except Alpha Phi Alpha Fraternity, Delta Phi Chapter)

111.    Denied. This claim has been dismissed.

112.    Denied. This claim has been dismissed.

113.    Denied. This claim has been dismissed.

114.    Denied. This claim has been dismissed.

## COUNT X
### Malicious Prosecution
### (All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones)

115.    Defendant incorporates his prior responses to the prior paragraphs of Plaintiff's

Complaint.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

## COUNT XI
## Abuse of Process & Conspiracy to Abuse Process
## (All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones)

122.    Denied. This claim has been dismissed.

123.    Denied. This claim has been dismissed.

124.    Denied. This claim has been dismissed.

125.    Denied. This claim has been dismissed.

## COUNT XII
## Intentional Infliction of Emotional Distress (All Defendants)

126.    Defendant refers to and incorporates his prior responses to each paragraph of Plaintiff's

Complaint.

127.    Denied.

128.    Denied.

## COUNT XIII
## Negligent Infliction of Emotional Distress

129.    Denied. This claim has been dismissed.

130.    Denied. This claim has been dismissed.

## COUNT XIV
## Slander Per Se
## (All Defendants)

131.    Denied. This claim has been dismissed.

132.    Denied. This claim has been dismissed.

11

133.    Denied. This claim has been dismissed.

134.    Denied. This claim has been dismissed.

135.    Denied. This claim has been dismissed.

136.    Denied. This claim has been dismissed.

137.    Denied. This claim has been dismissed.

## COUNT XV
## Negligence Per Se
## (All Defendants except Hinds County, Mississippi, Sheriff Tyree Jones)

138.    Denied. This claim has been dismissed.

139.    Denied. This claim has been dismissed.

140.    Denied. This claim has been dismissed.

## DAMAGES

141.    Defendant incorporates his prior responses to the prior paragraphs of Plaintiff's

Complaint.

142.    Denied.

## PRAYER FOR RELIEF

As for the unnumbered paragraph which commences "WHEREFORE, Plaintiff Shirley

Brown . . . ," Defendant denies each and every allegation contained therein, including

subparagraphs (a)-(f), and affirmatively asserts Plaintiff is not entitled to any recovery

whatsoever from Defendant.

## JURY DEMAND

As for the last unnumbered paragraph which commences "Plaintiff demands a trial by

jury . . . ," Defendants states that Rule 38 of the Federal Rules of Civil Procedure speaks for

itself. To the extent Plaintiff asserts state law claims subject to the Mississippi Tort Claims Act,

12

Plaintiff is not entitled to a jury trial for those claims.

FOR THESE REASONS, Defendant requests that this Court dismiss Plaintiff's claims with prejudice, grant judgment in favor of Defendant, and tax all costs to Plaintiff. Defendant requests such other relief as appropriate under the circumstances.

THIS, the 8th day of August 2025.

Respectfully submitted,

**TERRANCE JACKSON**

*/s/ J. Andrew Mauldin*
POPE S. MALLETTE (MB No. 9836)
J. ANDREW MAULDIN (MB No. 104227)
*Attorneys for this Defendant*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
*pmallette@mayomallette.com*
*dmauldin@mayomallette.com*