### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**JOSHUA BROWN**                                                              **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:24-cv-00556-TSL-MTP**

**THE CITY OF JACKSON, MISSISSIPPI; ET AL.**                    **DEFENDANTS**

### HINDS COUNTY, MISSISSIPPI, AND SHERIFF TYREE JONES' MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFF'S *MONELL*[1] CLAIM

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Hinds County, Mississippi, and Sheriff Tyree Jones[2] (jointly the "County" or "Movants") submit their Motion for Judgment on the Pleadings Regarding Plaintiff's *Monell* Claim.

In support of the same, Movants—as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi—are simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant Movants' Motion and dismiss Plaintiff's *Monell* claim against the County.

1.    The Court must dismiss Plaintiff's *Monell* claim against the County because Plaintiff fails to plead the three (3) requisite elements of a *Monell* claim.

2.    The Court must dismiss Plaintiff's *Monell* claim against the County because

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[2] On July 22, 2025, the Court entered an Order [66] dismissing Plaintiff's federal law claims against Sheriff Jones with prejudice. Thus, Sheriff Jones remains only in his official capacity, and "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (quoting *Monell*, 436 U.S. at 691 n. 55).

the Court has already determined that Plaintiff in this case failed to state a claim for any underlying constitutional violation, *i.e.*, an essential element of Plaintiff' municipal liability claim is missing.

3.    The Court must dismiss Plaintiff's *Monell* claim against the County because the claim simply cannot survive without the underlying constitutional violation.

4.    The Court must dismiss Plaintiff's *Monell* claim against the County because Plaintiff's policy, practice, or custom allegations are conclusory, *i.e.*, they lack specific facts sufficient to support the claim.

5.    The Court must dismiss Plaintiff's *Monell* claim against the County because Plaintiff fails to provide enough factual information regarding prior incidents to establish a pattern of similar constitutional violations.

6.    The Court must dismiss Plaintiff's *Monell* claim against the County because the Court's Memorandum Opinion & Order [63] has effectively already concluded that Plaintiff fails to state a valid *Monell* claim.

7.    The Court must dismiss Plaintiff's *Monell* claim against the County irrespective of potential Doe defendants as introducing new defendants into the case will not change the face of Plaintiff's Amended Complaint [15].

8.    The Court must dismiss Plaintiff's *Monell* claim against the County because the Court's conclusions related to Plaintiff's claims against Sheriff Jones in his individual capacity and Plaintiff's pleading in general likewise apply to any potential Doe defendant.

9.    The Court must disregard Plaintiff's reliance on *United States v. Hinds Cnty.*,

No. 3:16-cv-489-CWR-BWR, and the Consent Decree [8-1] issued in that case as grounds for finding *Monell* liability in this case.

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Hinds County, Mississippi, and Sheriff Tyree Jones' supporting Memorandum of Authorities, Movants respectfully request the Court dismiss Plaintiff's *Monell* claim with prejudice.

**DATE:      September 18, 2025.**

Respectfully submitted,

**HINDS COUNTY, MISSISSIPPI, AND SHERIFF TYREE JONES, in His Official Capacity**

BY:     /s/ *Lance W. Martin*
          One of the County's Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Butler Snow, LLP
1020 Highland Colony Pkwy
Suite 1400
Ridgeland, MS 39157
Tel. 601-948-5711
Fax 601-985-4500
will.allen@butlersnow.com
lance.martin@butlersnow.com

3

**CERTIFICATE OF SERVICE**

I, the undersigned of Butler Snow LLP, one of the attorneys for Hinds County, Mississippi, and Sheriff Tyree Jones, in His Official Capacity, hereby certify that on this day I electronically filed the foregoing Motion for Judgment on the Pleadings Regarding Plaintiff's *Monell* Claim with the Clerk of the Court using the ECF system, which shall give notice to all counsel of record including, but not limited to, the following:

Aafram Y. Sellers
SELLERS & ASSOCIATES, PLLC - Jackson
395 Edgewood Terrace Drive
Jackson, MS 39206
601/352-0102
Fax: 601/352-0106
aafram@sellerslawfirm.net

Vicki L. Gilliam
THE GILLIAM FIRM
368 Highland Colony Parkway
Ridgeland, MS 39157
601-488-4044
gilliam@gilliamfirm.com

William G. Shields
SHIELDS REEVES, PLLC
P.O. Box 1648
Ridgeland, MS 39158-1648
601-427-9196
Fax: 601-369-9828
garrig@shieldsreeves.com
            *Attorneys for Plaintiff*

The 18th day of September 2025.

/s/ *Lance W. Martin*
OF COUNSEL

4